```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                             AT ROANOKE, VA
                                                                  FILED

              IN THE UNITED STATES DISTRICT COURT              APR 0 2 2007
             FOR THE WESTERN DISTRICT OF VIRGINIA
                        ROANOKE DIVISION                    JOHN F. CORCORAN, CLERK
                                                          BY:
                                                                 DEPUTY CLERK
```

| | |
|---|---|
| **ANTHONY JOSEPH TURNER,** ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00150 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **DR. JOHN BENCH, et al.,** ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff Anthony Joseph Turner, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Turner alleges that as a result of taking medication prescribed by VDOC-employed doctors, he experienced insomnia, felt suicidal, and on March 18, 2006, he passed out and fell, suffering an injury to his head. As Turner did not submit prepayment of the $350.00 filing fee with his complaint, the court will construe his pleadings as requesting in forma pauperis status. Upon review of the record, the court concludes that this action must be dismissed without prejudice because Turner does not qualify to proceed in forma pauperis and has not prepaid the $350.00 filing fee.

Turner alleges the following sequence of events from which his claims arise. Dr. Bench prescribed a psychotropic drug called Geodon, to be taken by mouth during recreation activity. After taking medication for a period of time, Turner passed out and fell on March 18, 2006, while using the bathroom; his head was "split open" and bleeding. He asserts that the medication should have been dispensed to him at bedtime. Turner further alleges that Dr. Ahsan dispensed Geodon to Turner from May 7, 2006 until December 5, 2006, without first having Turner execute a mandatory, informal consent to voluntary acceptance of psychotropic medication without court authorization.

He also sues Mr. Fred Schilling, an administrator, for not taking appropriate action after receiving Turner's grievances. Next, Turner complains that Dr. Bench "denied" his appeal of the recommitment proceedings on February 15, 2006, by having Turner transferred from Marion Correctional Treatment Center (MCTC) to Red Onion State Prison (ROSP) on May 3, 2006, two days before the Circuit Court of Smyth County planned a jury trial. Finally, Turner alleges that Dr. Bench illegally prescribed Geodon for Turner even after his transfer to ROSP. While taking the drug, Turner experienced insomnia and suicidal thoughts. In his "Motion to Explain Gravamen," filed two days after the complaint, Turner explains that prison doctors should be prescribing valium for him to "relax the nervous system."

This court has previously held that Turner has three "strikes" under 28 U.S.C. § 1915(g), and as such, he cannot proceed in forma pauperis in a civil action unless he demonstrates that he is in imminent danger of serious physical harm related to his claims in the lawsuit.[1] In this action, Turner seeks to proceed in forma pauperis. The court cannot find, however, that Turner's allegations demonstrate that he is in imminent danger of serious physical harm related to his claims. He alleges that he passed out and fell on one occasion over a year ago and that during another period of the past year, he had insomnia and suicidal thoughts. He does not allege any facts indicating that under his current course of treatment for mental health, he is likely to suffer any similar adverse effects or injuries. Therefore, the court concludes that he fails to meet the imminent danger exception under § 1915(g), and will deny his application to proceed in forma pauperis and dismiss the entire action

---

[1] See Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)).

without prejudice.² An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 31st day of March, 2007.

/s/ James C. Turk
Senior United States District Judge

---

²Furthermore, Turner's complaint states, at most, a claim of medical negligence or disagreement with treatment, and neither of these claims rises to constitutional proportions so as to be actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97 (1976) (to show Eighth Amendment claim regarding course of medical treatment, inmate must show officials were deliberately indifferent to his serious medical needs). As such, even if Turner were to prepay the filing fee, the court could summarily dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

3